UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Pope, Jr.,                                              Case No. 3:15-cv-590

                 Petitioner

         v.                                                           MEMORANDUM OPINION

John Coleman,

                 Respondent

Before me is the February 23, 2016 Report and Recommendation of Magistrate Judge Kathleen B. Burke, recommending denial of Petitioner Kenneth Pope, Jr.'s action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 18). Also before me are the Petitioner's objections. (Doc. No. 19). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation.

## I. APPLICABLE LEGAL STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). "De novo determination requires 'fresh consideration' of a magistrate judge's recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d 2017).

## II. THE REPORT AND RECOMMENDATION

The Magistrate Judge's Report set forth the background of the state court action, the procedural history, including that of the direct appeal and proceedings before the Supreme Court of Ohio. As the Petitioner does not contest the background set out in the Report, it is incorporated by reference into this opinion. The grounds for relief were forth in the Amended Petition[1] as follows:

**GROUNDS FOR RELIEF**

9. The State failed to produce sufficient evidence to convict Pope of Murder and the Gun Specifications.

    Regarding the Murder conviction, the Ohio Court of Appeals held that there was sufficient evidence to convict Pope of either Murder or Complicity to Murder, but failed to identify or apply the distinct elements for Complicity to Murder to the facts. Had it done so, even construing the record facts to favor the State, there was insufficient evidence that Pope caused the deaths using a gun, and insufficient evidence that he possessed the requisite mens rea for Complicity to Murder.

    Regarding the Gun Specifications, the Ohio Court of Appeals failed to state whether Pope was convicted as a principal or complicitor, and failed to address whether Ohio law actually states an offense for complicity to a gun specification. Under Ohio law, a defendant can be complicit for another's offense. But a gun specification is a sentencing enhancement and not an offense. Thus, there was insufficient evidence that Pope used or brandished the gun for principal liability on the record facts; and insufficient evidence for complicity liability because complicity to a gun specification is not an Ohio offense.

(Doc. No. 11 at p. 2).

In her analysis, the Magistrate Judge considered Petitioner's grounds for relief in reverse order. As to Pope's second ground for relief, the Magistrate Judge concluded this claim was procedurally defaulted because Petitioner did not present his claim in the Ohio courts. Additionally, the Petitioner did not allege or argue cause, prejudice, or manifest injustice to excuse the default. (Doc. No. 18 at p. 13).

---

[1] Following the initial Petition, the Magistrate Judge granted the Respondent's motion for a more definite statement. (Doc. No. 10). On September 15, 2015, an Amended Petition was filed. (Doc. No. 11).

As for Petitioner's first ground for relief, the Magistrate Judge reiterated Pope's argument of "insufficient evidence at trial that he (1) "caused the deaths using a gun" and (2) "possessed the requisite mens rea for Complicity to Murder." (*Id.*)

The Magistrate Judge first determined that a sufficiency of the evidence claim was entitled to a "double layer" of deference in a federal habeas review and addressed those standards. She then discussed the direct appeal and determination of the Ohio Court of Appeals on this issue. The Report detailed the evidence presented to the jury noting:

> Viewing the trial testimony and exhibits in the light most favorable to the prosecution, a rational trier of fact could have found that Pope committed the essential elements of the crime—that he aided and abetted Snowden—beyond a reasonable doubt. *See Jackson,* 443 at 319. Thus, whether or not Pope "caused the deaths using a gun," i.e., whether he fired the shots that killed Brown and Glover, is immaterial to Pope's conviction for complicity.
>
> Moreover, the Ohio Court of Appeals' determination is not unreasonable; therefore, the Court must defer to it. *See Brown,* 567 F.3d at 205. In his Petition, Pope states, without explanation, "[the Ohio Court of Appeals] failed to identify or apply the distinct elements for Complicity to Murder to the facts." Doc. 11, p. 2. The undersigned disagrees; the state Court of Appeals set forth what conduct constitutes aiding and abetting and recited the facts showing Pope aided and abetted. *Pope,* 2013 WL 5914990, at *5.

(*Id.* at p. 16).

The Magistrate Judge then addressed an issue raised for the first time in Pope's Traverse, namely that "Ohio law 'is unsettled with no controlling precedent' relevant to the mens rea requirement for complicity." She also addressed Pope's request to certify a state law question to the Supreme Court of Ohio requesting clarification on the mens rea elements as to complicity in light of recent pronouncement from the United State Supreme Court.

The Magistrate Judge rejected Petitioner's arguments which were not raised in his habeas petition but in his Traverse. She also rejected Petitioner's argument that a recent pronouncement by the United States Supreme Court applied to his July 2012 conviction or 2015 habeas petition.

3

Finding no merit to the Petitioner's first ground for relief, the Magistrate Judge also included a footnote stating that Pope's arguments as to the jury instructions were also procedurally defaulted as they were not raised in his direct appeal. (*Id.* at p. 18).

**III. OBJECTIONS**

A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Austin v. Bedford Township Police Dep't.*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011), *aff'd* 690 F.3d 490 (6th Cir. 2012).

The Petitioner's objection centers on his insufficient evidence charge and the challenge to the evaluation "using the actual offense elements as the standard, and not improperly charged ones." (Doc. No. 19 at p. 2). Petitioner relies on *Musacchio v. United States*, 136 S. Ct. 709 (2016), in support of his position and requests his case be certified to the Supreme Court of Ohio "for clarification of the actual offense elements for complicity to murder. Only then could this habeas court evaluate whether there was sufficient evidence to convict Pope of complicity to murder on the state-court record." He also takes issue with the Ohio Court of Appeals failing "to identify or discuss the actual offense elements for complicity to murder."

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). In this case, the Ohio Court of Appeals for the Second District addressed whether the Pope's conviction was against the manifest weight of the evidence and addressed whether the evidence supported the charge that Pope was responsible as either a principal offender or an aider or abettor. *State v. Pope*, No. 25306, 2013

WL 5914990 *4-5 (Ohio App. 2013). The Ohio appellate court then turned to Pope's sufficiency of the evidence challenge and determined the conviction was supported by sufficient evidence. *Id.* at *6.

Pope's reliance on *Musacchio* is likewise unavailing. In *Musacchio*, the defendant was charged in the United State District Court for the Northern District of Texas with conspiracy and substantive violations of the Computer Fraud and Abuse Act under 18 U.S.C. § 1030. It was not a habeas case which was based on state law but a direct appeal of a federal conviction. I am also guided by the words of the United States Supreme Court, noted by the Magistrate Judge in her Report and worth repeating here:

> [W]e held last Term, in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at ___, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions "against this Court's precedents *as of 'the time the state court renders its decision'" Id.*, at ___, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); emphasis added.

*Greene v. Fisher*, 565 U.S. 34, 38 (2011). While Pope's insufficiency of evidence claim was addressed by the state appellate court, it does not require additional clarification by the Supreme Court of Ohio. Accordingly, the Petitioner's objections are not well taken.

### IV. CONCLUSION

For the reasons stated above, I adopt the February 23, 2016 Report and Recommendation of the Magistrate Judge (Doc. No. 18) as the Order of this Court. The Petitioner's amended Petition is denied on the merits as to the first ground for relief. Petitioner's the second ground for relief is dismissed as procedurally defaulted.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Pope's petition does not meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                                                  s/ Jeffrey J. Helmick
                                                                  United States District Judge